# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

*February 18, 2025*

Nathan Ochsner, Clerk of Court

**IAMMAN R. SAMPSON,**
**Plaintiff,**

v.

**LYFT, INC. ET AL.,**
**LYFT OPERATIONS, INC. ET AL.,**
**LYFT APD ET AL.,**
**LIBERTY MUTUAL FIRE INSURANCE COMPANY ET AL.,**
**FAITH ALEXANDRE, Claims Resolution Rep, Lyft APD,**
**JOHN AND JANE DOES (ET AL.),**
**Defendants.**

**CIVIL ACTION NO.: 4:25-cv-00787**

---

# PLAINTIFF'S ORIGINAL COMPLAINT FOR WRONGFUL TERMINATION, EMPLOYMENT RETALIATION, FAILURE TO PROVIDE DUE PROCESS, & DISCRIMINATION

**TO THE HONORABLE COURT:**

Plaintiff **Iamman R. Sampson, Pro Se**, files this **employment retaliation and wrongful termination lawsuit** against **Lyft, Inc., its affiliates, and Liberty Mutual** for **firing him in retaliation for filing an insurance claim related to his workplace accident. Lyft falsely cited customer complaints to terminate him without due process protections, despite treating him as an employee when it came to policy enforcement.**

---

# I. INTRODUCTION – WRONGFUL TERMINATION & RETALIATION

**1.1 This case arises from Lyft's illegal retaliation against Plaintiff, who was wrongfully terminated after exercising his rights under Lyft's insurance policy.**

**1.2 Defendants deliberately and unlawfully retaliated against Plaintiff** by:

**Terminating him two months after he filed an insurance claim for his accident.**
**Using fraudulent and illegitimate customer complaints to justify the termination.**
**Failing to provide a formal review process, effectively depriving Plaintiff of due process protections.**
**Treating Plaintiff as an employee when it came to policy enforcement while denying him employee rights.**

1.3 Plaintiff seeks **monetary damages exceeding $750,000**, including back pay, front pay, punitive damages, and statutory penalties under the **Civil Rights Act, Title VII, the Fair Labor Standards Act (FLSA), the Americans with Disabilities Act (ADA), the Federal Arbitration Act, and Texas labor laws.**

---

# II. JURISDICTION AND VENUE

2.1 **Jurisdiction is proper under:**
**28 U.S.C. § 1331 (Federal Question Jurisdiction)** – Claims involve federal labor and employment law violations.
**42 U.S.C. § 1981 (Employment Discrimination & Retaliation)** – Lyft unlawfully retaliated against Plaintiff for engaging in protected activity.
**42 U.S.C. § 12112 (Americans with Disabilities Act – ADA)** – Plaintiff suffered an injury affecting his ability to work, and Lyft failed to provide accommodations before termination.
**42 U.S.C. § 1983 (Deprivation of Due Process)** – Lyft failed to provide a fair hearing or appeals process before terminating Plaintiff based on unverified claims.

2.2 **Venue is proper under 28 U.S.C. § 1391(b)(2)** because Lyft operates in **Houston, Texas**, and Plaintiff's termination occurred in **Texas.**

---

# III. PARTIES

## Plaintiff:

**Iamman R. Sampson**
**Homeless – Mailing Address: 1704 Weber St, Houston, TX 77007**
**Email:** lilthrowd@gmail.com
**Phone:** +1 (713) 344-7204

**Defendants:**

**Lyft, Inc.**
**185 Berry Street, Suite 5000, San Francisco, CA 94107**

**Lyft Operations, Inc.**
**Subsidiary responsible for driver employment policies.**

**Lyft APD**
**Insurance division involved in Plaintiff's claim processing.**

**Liberty Mutual Fire Insurance Company**
**175 Berkeley Street, Boston, MA 02116**

**Faith Alexandre (Claims Resolution Rep, Lyft APD)**
**Liberty Mutual Insurance, P.O. Box 7214, London, KY 40742**

**John and Jane Does (ET AL.)**
**Unknown Lyft employees responsible for wrongful termination and retaliation.**

---

# IV. FACTUAL BACKGROUND – INSURANCE CLAIM RETALIATION

4.1 On **February 9, 2023, Plaintiff was involved in an accident while driving for Lyft.**

4.2 Plaintiff immediately **filed an insurance claim with Lyft's insurance provider, Liberty Mutual.**

4.3 At the time of the accident, **Plaintiff was logged into the Lyft app and actively available to accept ride requests.**

4.4 **Two months after filing the claim, Lyft deactivated Plaintiff's driver account and terminated his employment, citing unverified customer complaints.**

4.5 **Lyft failed to provide Plaintiff with any opportunity to dispute or appeal the complaints, violating his due process rights.**

4.6 Lyft's **retaliation violated Plaintiff's rights under federal and state labor laws.**

---

# V. CAUSES OF ACTION

## COUNT 1 – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

Lyft terminated Plaintiff in retaliation for filing an insurance claim.

Texas public policy prohibits employers from terminating employees for engaging in legally protected activities.
Lyft's termination of Plaintiff violated this established legal principle.

---

## COUNT 2 – RETALIATION UNDER THE FAIR LABOR STANDARDS ACT (FLSA)

29 U.S.C. § 215(a)(3) prohibits employers from retaliating against employees who assert workplace rights.

Plaintiff engaged in a protected activity by filing an insurance claim.
Lyft retaliated by terminating Plaintiff instead of honoring his rights.

---

## COUNT 3 – DISABILITY DISCRIMINATION UNDER THE ADA

42 U.S.C. § 12112 prohibits employers from discriminating against employees due to disabilities.

Plaintiff suffered an injury affecting his ability to work.
Lyft failed to provide reasonable accommodations.
Lyft instead chose to terminate Plaintiff unlawfully.

---

## COUNT 4 – VIOLATION OF TITLE VII – DISCRIMINATION & RETALIATION

42 U.S.C. § 2000e-3 prohibits employer retaliation for engaging in legally protected activities.

Filing an insurance claim is a protected activity under federal law.
Lyft violated Title VII by terminating Plaintiff in retaliation.

---

## COUNT 5 – DEPRIVATION OF DUE PROCESS UNDER 42 U.S.C. § 1983

**Lyft failed to provide Plaintiff with a fair appeals process.**

**Lyft used unverified and arbitrary customer complaints to justify termination.
Lyft's process treated Plaintiff as an employee but denied him basic employment
protections.**

# VI. DAMAGES REQUESTED

Plaintiff seeks:

**$400,000 for lost wages and benefits.
$150,000 for emotional distress and mental anguish.
$150,000 in punitive damages for Lyft's willful retaliation.
$50,000 in statutory penalties under FLSA and ADA.**

# VII. JURY DEMAND

Plaintiff **demands a jury trial** on all issues triable by jury.

# VIII. PRAYER FOR RELIEF

**Reinstate Plaintiff as a Lyft driver with full benefits and back pay.
Award statutory damages and penalties for wrongful termination.
Award punitive damages for willful misconduct.**

Respectfully submitted,

**/s/ Iamman R. Sampson
Iamman R. Sampson, Pro Se
Homeless – Mailing Address: 1704 Weber St, Houston, TX 77007
Email:** lilthrowd@gmail.com
**Phone:** +1 (713) 344-7204